S. N. ORR AND E. L. ORR v. MRS. L. B. GERROLD, *formerly Mrs. L. B. Deshazo.*

**No. 154.**

1. PLEADING—*Execution of Note—Agreement Concerning Proceeds—Breach not a Defense.*  A. advanced to B. $100 to be loaned to C. on a note signed by A. and C. and payable to B., and it was agreed between A. and B. that B. should hold said money in trust for the sole use of B.'s two minor children, and that before B. should ask to handle the same she should become the legally appointed and qualified guardian of said minors, which she neglected and refused to do, and sought to recover said sum for her sole use and benefit.  *Held,* that this does not constitute a defense to an action brought by B. against A. and C. on said note.

2. ——— *Counter-claim Examined.*  The counter-claim in this case examined, and *held,* that the demurrer thereto was erroneously sustained.

Error from Rawlins district court ; A. C. T. GEIGER, judge.  Opinion filed May 17, 1899.  Reversed.

*M. A. Wilson,* for plaintiffs in error.

*J. P. Noble,* for defendant in error.

The opinion of the court was delivered by

WELLS, J. : This action was brought in the district court of Rawlins county by the defendant in error to recover on a promissory note given her by the plaintiffs in error. The defendants below filed an answer admitting the execution and delivery of the note sued on, and pleading as a defense thereto that at the time of the execution of the note the plaintiff was the wife of a stepson of defendant S. N. Orr and the mother of two little girls, aged respectively about six and four years ; that in October, 1889, the husband of plaintiff, the father of said girls, died indebted to S. N. Orr in the sum of $100 ; that about the 1st of November, 1891, plaintiff with her two children came and made her home with defendant S. N. Orr, remaining there for about three years and ten months ; that the note sued on was executed by the defendant E. L. Orr, and that the defendant S. N. Orr advanced the money for which it was given with the express understanding between said S. N. Orr and plaintiff that the loan was made by S. N. Orr to E. L. Orr for the sole benefit of plaintiff's two girls, and also that the sum of $100 owing to S. N. Orr by the husband of plaintiff at the time of his death should inure to the benefit of said children, and that said sums should be held in trust for said children ; and that said plaintiff then agreed that, before she would handle the proceeds of the note sued on, she would become the legally appointed and qualified guardian of said girls, which she has neglected and refused to do. At the same time the defendant S. N. Orr filed a counter-claim, alleging that at the time of the commencement of this action plaintiff was indebted to said defendant on an account in the sum of $337 and interest, and praying judgment therefor.

Orr v. Gerrold.

To this answer and counter-claim a demurrer was filed, on the grounds that they constituted no defense and were a misjoinder of causes of defense.. The demurrer was sustained by the court.   The defendants made no further appearance, judgment was rendered for the plaintiff on her pleadings and evidence, and the case is brought here for review.

The first question requiring consideration is, Does the answer of the defendants state a defense to plaintiff's action?   The complaint set up may be summarized as follows :  S. N. Orr gave the plaintiff $100 to loan to E. L. Orr on a promissory note signed by E. L. Orr and S. N. Orr, payable to plaintiff, under an agreement between plaintiff and S. N. Orr that before plaintiff would ask to handle any of the proceeds of the note thus given she should become the legally appointed and qualified guardian of her two minor children, and that said sum, together with $100 owing to said S. N. Orr from the husband of plaintiff at the time of his death, should be by the plaintiff held in trust for said two minor children.   Plaintiff has neglected and refused to become said legally appointed and qualified guardian, but, instead, seeks now to recover said sum for her sole use and benefit.   The question as to how the plaintiff procured the money to loan E. L. Orr is immaterial except as furnishing a consideration for the alleged contract.   Does the failure to comply with the contract constitute a defense to the action on the note?   Certainly not as to the defendant E. L. Orr ; he owes the money.   The contract for the payment thereof was made with the plaintiff and in her name, and, under section 22, chapter 95, General Statutes of 1897 (Gen. Stat. 1889, ¶ 4105), she was authorized to collect the same in her own name, and as between themselves S. N. Orr was

only security for E. L. Orr. We are of the opinion that while S. N. Orr would probably have the right, in some proper proceeding on behalf of the children, to prevent the money from being diverted from the purpose to which it was appropriated by him, yet the facts stated do not constitute a defense to the action. The legal effect of the facts stated is not to defeat a recovery, but to show that if the money is recovered the plaintiff will misappropriate it. This, upon a proper showing, can be guarded against. The demurrer to the answer was properly sustained.

The next question is, Should the demurrer have been sustained as to the counter-claim of S. N. Orr? It is contended by the defendant in error that there is a misjoinder of causes of defense, that the counter-claim does not state facts sufficient to constitute a defense to the plaintiff's cause of action, and that certain items in the counter-claim appear on their face to be barred by the statute of limitations. It is not necessary to consider the last ground, as that applies only to a few small items and would not authorize the sustaining of the demurrer to the whole pleading.

It is contended that rules as to a misjoinder apply as well to the defense as to the prosecution. This is a mistake. Any defendant in an action on contract may plead as a set-off or counter-claim any cause of action arising on contract which he may have against the plaintiff. The counter-claim shows on its face a valid cause of action and it was error to sustain the demurrer thereto. The judgment is reversed and a new trial directed.